IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| L.B. RUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02361-JTF-cgc |
| ) | |
| BNSF RAILWAY, ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is Plaintiff L.B. Rucker's *pro-se* complaint against Defendant BNSF Railway asserting claims under the Age Discrimination in Employment Act and Americans with Disabilities Act, filed on May 20, 2020. (ECF No. 1.) After screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge entered a Report and Recommendation ("R. & R.") on September 16, 2021, advising the Court to dismiss Plaintiff's case without prejudice for failure to effect service pursuant to Fed. R. Civ. P. 4(m) or to involuntarily dismiss Plaintiff's case with prejudice for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (*Id.*)

On November 2, 2021, the Court ordered Plaintiff to show cause why Plaintiff has not filed objections to the R. & R. and why the Court should not dismiss this case for lack of prosecution. (ECF No. 11.) On November 16, 2021, Plaintiff filed a response to the Court's Order to Show Cause seeking an extension of time to obtain legal counsel given Plaintiff's pro se status. (ECF No. 13.) On November 17, 2021, the Court granted Plaintiff until Monday, November 29, 2021 to

1

obtain legal counsel or otherwise file objections to the R. & R. issued by the Magistrate Judge. (ECF No. 14.)  To date, Plaintiff filed no objections nor obtained legal counsel and Plaintiff's opportunity to do so has passed.  *See* 28 U.S.C. § 636(b)(1); LR 72.1(g)(2) (objections must be filed within fourteen (14) days after being served a copy of the R. & R.). The Court has provided Plaintiff ample time to file objections to the R. &. R. and to obtain legal counsel.  For the following reasons, the R. & R. should be **ADOPTED**, and Plaintiff's case be **DISMISSED** with prejudice.

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In the case at hand, the Magistrate Judge found that Plaintiff's complaint should be dismissed without prejudice for failure to obtain timely service upon Defendant.  (ECF No. 10.)

The Court agrees, and in the absence of any objection by Plaintiff, finds that the R. & R. should be adopted. *Brown*, 47 F. Supp. 3d at 674.

The Court also agrees with the Magistrate Judge's recommendation that pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint be dismissed with prejudice for failure to prosecute the case. (ECF No. 10.) If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Sixth Circuit held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Sepia Enterprises, Inc. v. City of Toledo,* 462 F. 2d 1315 (6th Cir. 1972) (per curiam).

Under the circumstances, Plaintiff was given an extended period of time to effect service and has chosen not to comply. The Court's Order to Show Cause and Order Granting Plaintiff's Motion for Extension of Time to file objections to the R. & R. and to obtain legal counsel made it clear the case would be dismissed after Monday, November 29, 2021. To date, Plaintiff raised no objections to the R. & R nor obtained legal counsel. Plaintiff failed to respond and time to do so has passed. Accordingly, the Court dismisses Plaintiff's case as an adjudication on the merits for failure to effect service and lack of prosecution.

## CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Plaintiff's complaint with prejudice for failure to effect service and lack of prosecution.

4

**IT IS SO ORDERED** this 6th day of December 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
